1

2

3

4

5

6          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                  AT SEATTLE

8  ANGELIQUE A. MCCLELLAN,

9                        Plaintiff,        Case No. C12-1454-JCC-BAT

10         v.                              **REPORT AND**
                                           **RECOMMENDATION**
11  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security,
12
                        Defendant.
13

14        Angelique A. McClellan appeals the denial of her Supplemental Security Income and

15  Disability Insurance Benefits applications.  Ms. McClellan contends the ALJ erred by (1) failing

16  to find her impairments met or equaled Listing 3.03(B); (2) misevaluating her testimony and the

17  medical evidence regarding her mental impairments; and (3) finding she could perform her past

18  relevant work.  Dkt. 15.  As discussed below, the Court recommends **REVERSING** the

19  Commissioner's final decision and **REMANDING** the matter for further administrative

20  proceedings pursuant to sentence four.

21                        **BACKGROUND**

22        The ALJ found[1] at **steps one, two, and three**, Ms. McClellan had not worked since

23  ───────────────────

[1] As the Appeals Council denied Ms. McClellan's request for review, the ALJ's decision is the

REPORT AND RECOMMENDATION - 1

1  January 1, 2008; that major depression, post traumatic stress disorder ("PTSD"), obesity, and

2  asthma were severe impairments; and that these impairments did not meet or equal the

3  requirements of a listed impairment.  The ALJ found Ms. McClellan had the **RFC** to perform:

4        a full range of work at all exertional levels, with the following
      nonexertional limitations:  She must avoid concentrated exposure

5        to fumes, odors, dust, gases, poor ventilation, and concentrated
      exposure to extreme cold and heat.  She is limited to simple one to

6        two step instructions or complex instructions required of jobs
      classified at unskilled (SVP one or two) or semi-skilled (SVP three

7        or four) levels of work.  She has average ability to do sustained
      work activities (i.e. can maintain attention and concentration;

8        persistence and pace) in an ordinary work setting on a regular and
      continuing basis (i.e. 8 hours a day, for five days a week, or

9        equivalent work schedule) within customary tolerances of
      employers' rules regarding sick leave and absences.  She can make

10       judgments on simple, detailed, or complex work related decisions
      required of jobs up to the semi-skilled level; can respond

11       appropriately with supervisors and coworkers; and deal with
      changes all within a stable work environment.  Further, incidental

12       contact with the general public is not precluded.

13 At **step four**, the ALJ found Ms. McClellan could perform her past work and was thus not

14 disabled. Tr. 7-17.

15                         **DISCUSSION**

16 **A.**     **The ALJ's step three evaluation of Asthma**

17        ***1.***     ***Listing 3.03(B)***

18       Ms. McClellen contends the ALJ erred in finding asthma failed to meet the requirements

19 of Listed Impairment 3.03(B).  Dkt. 15 at 13.  To meet this Listing's requirements, a claimant

20 has the burden to present evidence of "prolonged symptomatic episodes lasting one or more days

21 and requiring intensive treatment . . . information documenting adherence to a prescribed

22 regimen of treatment . . . [and] spirometric results obtained between attacks that document the

23 _____

Commissioner's final decision.  Tr. 1-6.

REPORT AND RECOMMENDATION - 2

1  presence of baseline airflow obstruction."  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.00(C).  The

2  evidence must also show that the attacks occurred, "in spite of prescribed treatment," at least

3  "once every two months or . . . six times a year."  *Id*. at § 3.03(B).  Ms. McClellan failed to meet

4  this burden.

5       The ALJ found in a single notation in 2010, that Ms. McClellan needed two nebulizer

6  treatments but that the remainder of Ms. McNalley's treatment records did not indicate her

7  asthma caused "breathing problems of this magnitude on a regular basis."  Tr. 15.  Ms.

8  McClellan has neither shown that this finding is incorrect, nor has she shown she had prolonged

9  symptomatic episodes lasting one or more days and requiring intensive treatment "such as

10  intravenous bronchodilator or antibiotic administration or prolonged inhalation bronchodialator

11  therapy in a hospital," as required by the listing.  *See* 20 C.R.R. pt. 404, subpt. 404, 3.00(C).

12  Additionally, Ms. McClellan has not shown there were any "spirometric results obtained

13  between attacks that document the presence of baseline airflow," as required by the listing.  *Id*.

14  The ALJ correctly found Ms. McClellan's asthma failed to meet the requirements of Listed

15  Impairment 3.03(B) and is affirmed.

16       ***2.   Equivalence evaluation***

17       Ms. McClellan also contends the ALJ erred because her "breathing problems were at

18  least equal in severity and duration to the criteria of Listing 3.03 as evidenced by numerous ER

19  visits."  Dkt. 15 at 14.  An ALJ is required to discuss whether an impairment or combination of

20  impairments equals a Listed Impairment only if the claimant presents evidence supporting

21  equivalence.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  A claimant challenging an

22  ALJ's equivalency determination must specifically identify why her impairments or combination

23  of impairments meet or equal a listed impairment.  *See Carmickle v. Comm'r of Soc. Sec.*, 533

REPORT AND RECOMMENDATION - 3

F.3d 1155, 1161 n.2 (9th Cir. 2008).  An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination unless the claimant presents evidence in an effort to establish equivalence.  *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).  A reviewing court will not find an ALJ has erred in determining whether combined impairments meet or equal a listed impairment unless the claimant offers a plausible theory of medical equivalency.  *Id.*

  As the Commissioner points out, Ms. McClellan has not presented a substantive, plausible theory as to why her impairments meet or equal a listed impairment, or supported her assertion that the ALJ's equivalency determination was flawed with the requisite specificity. Ms. McClellan contends her "many hospitalizations for breathing difficulties were attributable to asthma complicated by bronchitis, COPD, anxiety and obesity.  These along with her other hospitalizations, equaled if they did not meet Listing 3.03."  Dkt. 15 at 15.  But this is a conclusory statement, not a plausible theory.  The fact Ms. McClellan went to the hospital many times is not, alone, evidence her impairments meet or equal the requirements of Listing 3.03. One could have numerous severe impairments and receive regular hospital care and still not meet or equal the requirements of a Listed Impairment.  A critical requirement, to meet or equal a listing, is the intensiveness of treatment, which as discussed above is absent in this case.

  Ms. McClellan also contends an ALJ should consider obesity at step three.  *Id.*  This argument is unsupported.  The ALJ considered obesity at step three.  Tr. 13.  Other than stating an ALJ should consider obesity, Ms. McClellan has presented nothing showing how or why the ALJ erred in assessing obesity.  In sum the ALJ's finding that Ms. McClellan failed to meet or equal the requirements of Listed Impairment 3.03 is supported by substantial evidence and is affirmed.

**B.      The ALJ's evaluation of the mental health medical evidence**

Ms. McClellan contends the ALJ misevaluated the opinions of Chris Jones, M.D., Lisa Gummon, Ph.D., and Adrian Palomino, M.D.  Dkt. 15 at 16-20.[2]  Drs. Jones and Gummon both rendered opinions before Ms. McClellan's onset date.  Their opinions are thus of limited relevance.  *See Carmickle*, 533 F.3d at 1165.

**1.      *Dr. Jones***

The ALJ incorrectly discounted the doctor's opinion on the ground he was an internist, not a treating psychiatrist.  *See  Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1996).  But this error was harmless because the ALJ also rejected Dr. Jones's opinion on another separate and proper ground[3], i.e., there were no treatment notes to support of the opinion.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

**2.      *Dr. Gummon***

The ALJ properly evaluated Dr. Gummon's opinions.  Dr. Gummon's report contained an inconsistency.  On the one hand, the doctor noted Ms. McClellan could not tolerate angry voices, criticism, arguing, being touched without permission, and that she was anxious in crowds, had panic attacks and has a sense of fear and feelings of paranoia.  Tr. 16.  On the other, Dr. Gummon assessed an Global Assessment of Functioning (GAF) score of 72—a score indicating Ms. McClellan has no more than slight impairment in social, occupational of school functioning.  *Id.*  The ALJ resolved this inconsistency finding "the evaluator was of the opinion

---

[2]Ms. McClellan also argues the ALJ should have developed the medical record "to explore the psychological basis" for her ER visits.  *Id.* at 20.  This argument is meritless as there is nothing ambiguous about the ER records.  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  To be sure, the records are thin but an ALJ has no duty to develop evidence simply because it is thin and not indicative of disability.

[3] Tr. 16.

1  that the claimant was still able to function in the work place by giving the claimant a GAF score

2  of 72." *Id.*  The ALJ is charged with evaluating the medical evidence.  *Andrews v. Shalala*, 53

3  F.3d 1035, 1043 (9th Cir. 1995).  It is the ALJ's province to resolve conflicts and ambiguity in

4  the medical evidence.  *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999).

5  This is what the ALJ did here, and the Court thus affirms the ALJ's interpretations of Dr.

6  Gummon's opinions.

7         *3.     Dr. Palomino*

8         The ALJ improperly evaluated Dr. Palomino's opinions.  First, the ALJ did not indicate

9  whether he was accepting or rejecting the doctor's opinions.  Tr. 16.  Rather, the ALJ noted Dr.

10  Palomino opined Ms. McClellan's mental conditions were treatable and the likelihood of

11  improvement on twelve months was fair.  *Id.*  But this tells little of whether the ALJ accepted or

12  rejected the other opinions rendered by the doctor, and is also inconsistent with the ALJ's step

13  two findings that Ms. McClellan's mental impairments were severe, i.e., that they would persist

14  continually for at least twelve months.[4]  Tr. 12.

15         Second, Dr. Palomino opined "due to her prominent anxiety, she would not be expected

16  to cope with the usual stress encountered in the workplace."  Dkt. 755.  The Commissioner

17  implies the ALJ accepted Dr. Palomino's opinions, arguing the ALJ gave more weight to Dr.

18  Palomino's opinion than to Dr. Jones's opinions.  Dkt. 21 at 10.  If the ALJ intended to accept

19  the opinion, the ALJ was required to account for it in assessing Mr. McClellan's RFC.  The

20  ALJ's RFC assessment, however, made no mention of the limitation found by Dr. Palomino.

21  Instead the ALJ found Ms. McClellan had the average ability to perform sustained work on a

22  regular continuing basis and within the customary tolerances of employer's rules, and that she

23  _____

[4] *See* 20 C.F.R. § 404.1520(a)(4)(ii) (At step two, the claimant bears the burden of demonstrating
a severe, medically determinable impairment that meets the 12 month duration requirement).

REPORT AND RECOMMENDATION - 6

1   could deal with changes in a stable work environment.  Tr. 14.

2          If the ALJ intended to reject the opinion, he was required, at a minimum, to set out a

3   detailed and thorough summary of the facts and conflicting evidence, stating his interpretation of

4   the facts and evidence, and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

5   1989).  He was also required to explain why his interpretation, rather than the examining

6   doctor's interpretation, is correct.  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).  But as

7   noted above, the ALJ gave no explanation for rejecting the opinion and in fact did not mention it

8   at all.  In short, whether the ALJ intended to accept or reject the opinion, the ALJ erred.

9          This error was not harmless. In determining a claimant's RFC, an ALJ must assess all the

10  relevant evidence, including medical reports and other descriptions of limitation, to determine

11  what capacity the claimant has for work.  *See* 20 C.F.R. § 416.945(a).  As that did not occur, the

12  matter should be remanded for further proceedings and the ALJ should be directed to reevalaute

13  Dr. Palomino's opinions.

14  **C.      The ALJ's evaluation of Ms. McClellan's testimony**

15         The ALJ discounted Ms. McClellan's testimony that she could not work due to asthma.

16  The ALJ found the medical record showed asthma did not limit Ms. McClellan as much as she

17  claimed.  Tr. 15-16.  The ALJ found Ms. McClellan's "treating doctors have not indicated

18  whether her asthma keeps her from working," and the decision maker of the Disability

19  Determination Services which was affirmed by a medical doctor opined Ms. McClellan "did not

20  have exertional limitations, but needed to take precautions against concentrated irritants that may

21  exacerbate the claimant's asthma."  Tr. 16.  These are clear and convincing reasons to discount

22  Ms. McClellan's testimony about her asthma.  *See Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th

23  Cir. 1996) (ALJ may consider "ordinary techniques of credibility evaluation" including

1  inconsistencies between her testimony and a physician's opinions concerning the severity of the

2  symptoms of which claimant complains.).

3          The ALJ also discounted Ms. McClellan's testimony regarding her mental health

4  problems on the grounds "the lack of psychiatric treatment suggest that the claimant's

5  impairments as not as severe as she alleges." Tr. 16.  This is a proper ground to discount a

6  claimant's testimony and one which Ms. McClellan has not specifically challenged or shown to

7  be unsupported by the record.[5]  *See* Dkt. 15 at 21-22;  *Burch v. Barnhart*, 400 F.3d 676 (9th Cir.

8  2005) (ALJ is permitted to consider lack of treatment when assessing claimant's credibility);

9  *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (upholding adverse credibility finding

10  where no medical evidence indicated the claimant's failure to seek treatment was the result of a

11  mental impairment rather than personal preference and treatment was inconsistent with the level

12  of complaints).  Accordingly, the ALJ did not err in discounting Ms. McClellan's testimony.

## CONCLUSION

13

14          The ALJ correctly found Asthma did not meet or equal Listed Impairment 3.03(b);

15  properly discounted the opinions of Drs. Jones and Gummon, and properly discounted Ms.

16  McClellan's testimony.  However, the ALJ erred in evaluating Dr. Palomino's opinions about

17  Ms. McClellan's mental health impairments, and the matter should be remanded for further

18  proceedings pursuant to sentence four.  The matter should not be remanded for an award of

19  benefits.  The ALJ's treatment of Dr. Palomino's opinions are unclear at best.  If additional

20  proceedings can remedy defects in the original administrative proceedings, a Social Security case

21

22  [5] This case does not involve a situation in which Ms. McClellan's testimony was discounted
    because she failed to seek psychiatric treatment.  *See Nguyen v. Chater*, 100 F.3d 1462, 1465
    (9th Cir. 1996) (improper to chastise claimant who failed to seek treatment due to mental

23  illness).  Rather the record showed Ms. McClellan was getting mental health treatment even
    before her onset date and that the treatment was very limited.

REPORT AND RECOMMENDATION - 8

1  should be remanded for further proceedings. *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th

2  Cir. 2002).  Moreover, the Court cannot say at this point that even accepting Dr. Palomino's

3  opinions, an ALJ would be required to find Ms. McClellan disabled.

4        Accordingly, the Court recommends **REVERSING** the Commissioner's final decision

5  and **REMANDING** the case for further administrative proceedings pursuant to sentence four.

6        On remand, the ALJ should reevaluate Dr. Palomino's opinion and develop the record as

7  appropriate, reassess Ms. McClellan's RFC as needed using the five step disability evaluation

8  process. A proposed order accompanies this Report and Recommendation.

9        Objections, if any, to this Report and Recommendation must be filed and served no later

10 than **April 24, 2013.**  If no objections are filed, the matter will be ready for the Court's

11 consideration on **April 26, 2013**.  If objections are filed, any response is due within 14 days after

12 being served with the objections.  A party filing an objection must note the matter for the Court's

13 consideration 14 days from the date the objection is filed and served.  Objections and responses

14 shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

15       DATED this 10th day of April, 2013.

16

17                                              _____

18                                              BRIAN A. TSUCHIDA
                                                United States Magistrate Judge

19

20

21

22

23

REPORT AND RECOMMENDATION - 9